IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DEBORAH MANEY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) NO. 3:25-CV-01127 ) ) JUDGE CAMPBELL |
| A BLOND HAIRED LADY, *et al*., | ) MAGISTRATE JUDGE HOLMES ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Pro se Plaintiff Deborah Maney, a resident of Nashville, Tennessee, filed this complaint against "A Blond Haired Lady", "Final Secret Service Secretary", and attorneys Herzfeld, Suetholz, Gastel, Leniski, and Wall, along with their paralegals and secretaries. (Doc. No. 1).

**I. FILING FEE**

Plaintiff submitted an Application for Leave to Proceed In Forma Pauperis ("IFP Application"). (Doc. No. 2). The Court may authorize a person to file a civil suit without paying the filing fee. 28 U.S.C. § 1915(a). Section 1915 is intended to insure that indigent persons have equal access to the judicial system by allowing them to proceed without having to advance the fees and costs associated with litigation. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989); *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 342 (1948). Pauper status does not require absolute destitution. *Adkins*, 335 U.S. at 339; *Foster v. Cuyahoga Dep't of Health and Human Servs.*, 21 F. App'x 239, 240 (6th Cir. 2001). Rather, the relevant question is "whether the court costs can be paid without undue hardship." *Foster*, 21 F. App'x at 240. Proceeding in forma pauperis is a privilege, not a right, and "[t]he decision whether to permit a litigant to proceed [in forma pauperis] is within the Court's discretion." *Id.*

1

According to Plaintiff's IFP Application, her monthly income totals $967 from Supplemental Social Security payments, she is homeless and "trying to save up [for an] apartment," her monthly expenses total $750, and she has $1600 in a bank account. (*Id.*) Because her IFP Application reflects that she lacks sufficient financial resources to pay the full filing fee without undue hardship, the IFP Application (Doc. No. 2) is **GRANTED**. The Clerk therefore is **DIRECTED** to file the complaint in forma pauperis. 28 U.S.C. § 1915(a).

## II. INITIAL SCREENING STANDARD

Congress enacted 28 U.S.C. § 1915, the federal in forma pauperis statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id.* at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e), which requires sua sponte dismissal of an action upon certain determinations. 28 U.S.C. § 1915(e)(2)(B).

Because Plaintiff is proceeding in forma pauperis, the Court must review her complaint pursuant to 28 U.S.C. § 1915(e). *Benson v. O'Brian*, 179 F.3d 1014, 1016 (6th Cir. 1999). Under § 1915(e), the Court is required to screen in forma pauperis complaints and dismiss any complaint, or any portion thereof, if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *see also Hill v. Lappin*, 630 F. 3d 468, 470-71 (6th Cir. 2010).

Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain: (1) a short and plain statement of the grounds for the court's jurisdiction, (2) a short and plain statement of the claim showing that the plaintiff is entitled to relief, and (3) a demand for the relief sought. Fed.

R. Civ. P. 8(a). Although allegations in a pro se complaint are held to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), "liberal construction . . . has limits." *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001) (citing *Franklin v. Rose*, 765 F.2d 82, 85 (6th Cir. 1985). A pro se complaint must still "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Barnett v. Luttrell*, 414 F. App'x 784, 786 (6th Cir. 2011). District courts "have no obligation to act as counsel or paralegal" to pro se litigants. *Pliler v. Ford*, 542 U.S. 225, 231 (2004). Nor are they "required to create" a pro se litigant's claim for him or her. *Payne v. Secretary of Treasury*, 73 F. App'x 836, 837 (6th Cir. 2003). And pro se litigants are not exempt from the requirements of the Federal Rules of Civil Procedure. *Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011).

### III. ALLEGED FACTS

As best the Court can discern,[1] the complaint alleges that Plaintiff is employed by the Secret Service, but she is not getting paid because Defendants stole her "employment number", causing her not to show up on the payroll. (Doc. No. 1 at 4). Plaintiff went into the law offices of the named attorney and paralegal Defendants "to see if they would take [her] case." (*Id.*) They told Plaintiff not to come to their law office and "had (has) Secret Service agents in [undecipherable] killed Secretary and [undecipherable] Secret Service." (*Id.* at 3). They "trespassed [Plaintiff] off [her] own job – threatened Secret Service agent to tell Police [Plaintiff] didn't work there." (*Id.*) Plaintiff "want[s] [her] earnings" and "to go back on [her] job." (*Id.* at 4).

### IV. SCREENING OF THE IN FORMA PAUPERIS COMPLAINT

After conducting the initial screening pursuant to 28 U.S.C. § 1915(e)(2), the Court finds

---

[1] It is difficult to distill Plaintiff's handwritten statements into coherent narratives and causes of action.

that Plaintiff's complaint cannot survive screening under Section 1915(e)(2).

Plaintiff's claims are subject to dismissal as frivolous or delusional. Plaintiff's bare-bones allegation that she was hired by the Secret Service and performed work for the Secret Service for which she has not been paid due to Defendants' theft strains credulity. Her allegations that Defendant attorneys and paralegals are responsible for the deaths of Secret Service employees likewise strains credulity.

## V. CONCLUSION

As explained above, Plaintiff's in forma pauperis complaint is subject to dismissal under 28 U.S.C. 1915(e). Accordingly, this action is hereby **DISMISSED WITH PREJUDICE**.

Because an appeal would not be taken in good faith, Plaintiff is not certified to pursue an appeal from this judgment in forma pauperis. 28 U.S.C. § 1915(a)(3).

This is the final Order denying all relief in this case. The Clerk **SHALL** enter judgment. Fed. R. Civ. P. 58(b).

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE